[Crim. No. 20786. Second Dist., Div. One. June 13, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES ALLEN TODD, Defendant and Appellant.

## COUNSEL

Harvey Jay Migdal, under appointment by the Court of Appeal, and Migdal & Lucks for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Russell Iungerich and Edward T. Fogel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Defendant appeals from judgment of conviction for possessing a restricted dangerous drug in violation of section 11910 of the Health and Safety Code.

### FACTS

Believing them to be under the influence of either alcohol or drugs, police officers placed defendant and his brother in the rear of a patrol car while they searched the area for specific contraband. Defendant was neither told he was under arrest nor apprised of any constitutional right.

Unknown to defendant, a device was activated in the front seat of the vehicle for the purpose of recording conversation in the absence of the

searching officers. In consequence of a recorded admission that he had swallowed the contraband, drugs were removed from defendant's stomach.

## ISSUE

■ The sole contention on appeal is that the electronic recording of defendant's conversation constituted an unreasonable invasion of privacy in violation of the protection afforded by the Fourth Amendment,[1] rendering the drugs inadmissible.

## DISCUSSION

Conceding there is not a California case precisely in point, defendant relies on *Katz* v. *United States* (1967) 389 U.S. 347 [19 L.Ed.2d 576, 88 S.Ct. 507] which holds the test respecting permissibility of electronic surveillance to be twofold: "*First,* that the overheard person has exhibited an actual 'subjective' expectation of privacy and, *secondly,* that the expectation be one that society is prepared to recognize as 'reasonable.'" *Katz* involved the attachment of a recording device to a public telephone booth from which the petitioner placed his incriminating call. In exhibiting he had had an actual and reasonable expectation of privacy during his conversation, petitioner Katz prevailed.

However, while it is clear in the case before us that defendant was subjectively unaware his incriminating statement would be recorded or otherwise heard by the investigating officers, we do not believe society is prepared to recognize his expectation of privacy to have been reasonable. Nor did the trial judge, who noted it was unlikely for defendant to have concluded he was being placed in the police car for a sight-seeing tour of the city.

■ Finally, defendant's recorded statement is not affected by the application of *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], his revelation not having been made in response to an officer's question.

Judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.

---

[1]The Fourth Amendment to the United States Constitution requires that: "The right *of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . .*"