23766

Teresa L. MURDOCK, Petitioner v. STATE of South Carolina, Respondent.

(426 S.E. (2d) 740)

Supreme Court

*Assistant Appellate Defender Robert M. Pachak of S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted Sept. 22, 1992.

Decided Dec. 21, 1992.

MOORE, Justice:

We granted petitioner Teresa L. Murdock's petition for writ of certiorari following the denial of her application for postconviction relief (PCR). Petitioner alleges she entered her guilty plea upon the erroneous advice of counsel. The PCR judge found counsel was not ineffective and petitioner was not prejudiced. We reverse. The sole issue is whether petitioner received ineffective assistance of counsel.

## I. FACTS

Petitioner was stopped on October 7, 1989, because she was driving in an erratic manner. She was arrested for driving under the influence and driving under suspension (DUS). Pursuant to the arrest, her car was searched and three bags of what was believed to be cocaine and 81 hits of what was believed to be LSD were found. Subsequently, SLED tested the substances and determined that they are not not controlled substances.

Petitioner was indicted for two counts of possession of a counterfeit substance with intent to distribute and DUS. She was also indicted for a second DUS offense which took place on April 3, 1990. Petitioner pled guilty to two counts of DUS and two counts of possession of a counterfeit substance with intent to distribute and was sentenced to two sixty-day imprisonments for the DUS counts and two five-year terms for

the possession counts to run concurrently. Petitioner did not make a direct appeal.

## II. DISCUSSION

This case revolves around the confusion between "counterfeit" and "imitation" substances. Petitioner was indicted for two counts of possession with intent to distribute a *counterfeit* substance.

> ***"Counterfeit substance"*** means a controlled substance which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number, or device, or any likeness thereof, of a manufacturer, distributor, or dispenser other than the person who in fact manufactured, distributed, or dispenses such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.

S.C. Code Ann. § 44-53-110 (1985).

> ■ The drugs found in petitioner's possession were not counterfeit drugs. They were imitation drugs.

> ***"Imitation controlled substance"*** means a noncontrolled substance which is represented to be a controlled substance and is packaged in a manner normally used for the distribution or delivery of an illegal controlled substance.

S.C. Code Ann. § 44-53-110 (1985). We take this opportunity to clarify the practical difference between counterfeit and imitation substances. While there may be exceptions, such as when these substances are legally used for legitimate medical purposes, ordinarily there is no offense involving *counterfeit* LSD or cocaine, as these drugs are typically produced illegally and, therefore, usually do not have a trademark or label of a manufacturer.[1]

---

[1] Our opinion in *Murdock v. State,* — S.C. —, 417 S.E. (2d) 543 (1992), refers to this type of offense. However, the sole issue in that case was whether possession with intent to distribute any counterfeit substance was a lesser included offense of possession with intent to distribute the actual drug for purposes of indictment. We did not address whether possession of *counterfeit* LSD with intent to distribute was an actual offense.

Under our current statutes, it is not illegal to merely possess counterfeit drugs. S.C. Code Ann. § 44-53-370(a)(2) (1985). After an unsuccessful attempt to exclude evidence offered to prove intent to distribute, upon counsel's advice, petitioner pled guilty to possession of a counterfeit substance with intent to distribute. Petitioner, however, did not commit any offense because it is not a criminal offense to possess *imitation* drugs with the intent to distribute. It is illegal only to actually distribute or deliver imitation drugs. S.C. Code Ann. § 44-53-390(a)(6) (1985).[2]

This Court's review of PCR matters is limited to a determination of whether there is any evidence to support the PCR judge's findings. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989). To establish a claim of ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and but for this deficiency petitioner would not have pled guilty. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. (2d) 203 (1985).

Although trial counsel diligently tried to render effective assistance of counsel, he erred in failing to distinguish between counterfeit and imitation offenses. Petitioner testified that she wanted a jury trial, but based upon trial counsel's advice she pled guilty to an offense which she did not commit. Therefore, petitioner was prejudiced by trial counsel's performance.

Accordingly, the PCR judge's denial of petitioner's application is reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[2] A defendant could, however, be sentenced to half of the penalty for an attempted offense. S.C. Code Ann. § 44-53-420 (1985).