606 S.E.2d 485

**The STATE, Petitioner,**

v.

**Larry Dean McCLUNEY, Respondent.**

No. 25909.

Supreme Court of South Carolina.

Heard Nov. 17, 2004.

Decided Dec. 6, 2004.

Rehearing Denied Jan. 6, 2005.

608

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David Spencer, all of Columbia, and Harold W. Gowdy, III, of Spartanburg, for Petitioner.

Jack B. Swerling, of Columbia, for Respondent.

Acting Justice MYERS:

This is a cocaine-trafficking case. Larry Dean McCluney (Respondent) was convicted of trafficking in more than 400 grams of cocaine in violation of South Carolina Code section 44–53–370(e)(2)(e).[1] The circuit court sentenced Respondent to twenty-five years of imprisonment and a fine of $200,000. The Court of Appeals reversed, holding the circuit court should have granted Respondent's motion for a directed verdict. *State v. McCluney*, 357 S.C. 560, 593 S.E.2d 509 (Ct. App.2004). We granted a writ of certiorari to review the Court of Appeals' decision. We reverse and remand.

## FACTS

Respondent was charged under section 44–53–370(e)(2)(e) with trafficking in more than 400 grams of cocaine.

At trial the State presented evidence that Respondent agreed with two other persons to purchase over 400 grams of cocaine from a fourth person, who happened to be a police informant. The State also presented evidence that in a reverse-buy operation conducted by police with the help of the informant, Respondent and the other two persons purchased over 400 grams of imitation cocaine, thinking it was real.

---

1. S.C.Code Ann. § 44–53–370(e)(2)(e) (2002).

## ISSUE

Whether Respondent was entitled to a directed verdict.

## ANALYSIS

■ A defendant is entitled to a directed verdict when the State fails to present evidence of the offense charged. *State v. McHoney,* 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001).

■ The Court of Appeals held that Respondent was entitled to a directed verdict because a transaction involving imitation cocaine "does not fall under the purview of the trafficking statute." *State v. McCluney,* 357 S.C. 560, 565, 593 S.E.2d 509, 511 (Ct.App.2004). According to the court, "the only indictable offense applicable to imitation cocaine would be under S.C.Code Ann. § 44–53–390(a)(6) (2002)."[2] *McCluney,* 357 S.C. at 564, 593 S.E.2d at 511. We disagree.

Trafficking is not limited to the substantive offenses of purchasing, possessing, and selling large amounts of controlled substances. Conspiring and attempting to do those acts also constitute trafficking. The part of the trafficking statute pertinent to this case is as follows: "Any person who knowingly ... attempts[] or conspires to ... purchase ... ten grams or more of cocaine ... is guilty of a felony which is known as 'trafficking in cocaine.'" S.C.Code Ann. § 44–53–370(e)(2) (2002).

The Court of Appeals errantly focused on the facts that only imitation cocaine was present at the transaction and that purchasing imitation cocaine does not constitute trafficking. In doing so, the court relied heavily on *Murdock v. State of South Carolina,* 311 S.C. 16, 426 S.E.2d 740 (1992), which is irrelevant to Respondent's case.

The court should have focused on the State's evidence that Respondent conspired and attempted to purchase real cocaine. Section 44–53–370(e)(2) plainly states that conspiring and attempting to purchase ten grams or more of real cocaine constitute trafficking. The presence of only imitation cocaine

---

**2.** "It is unlawful for a person knowingly or intentionally to ... distribute or deliver a noncontrolled substance or an imitation controlled substance" that is represented as or appears to be a controlled substance. S.C.Code Ann. § 44–53–390(a)(6) (2002).

at the transaction is irrelevant to Respondent's intent and thus irrelevant to the State's conspiracy and attempt arguments. Respondent was not entitled to a directed verdict.

## CONCLUSION

The State introduced evidence that Respondent knowingly agreed with at least one other person to purchase real cocaine and took a substantial step toward fulfilling his intention. Because conspiring and attempting to purchase ten grams or more of real cocaine constitute trafficking, the Court of Appeals erred by holding that Respondent was entitled to a directed verdict. Due to this error, the Court of Appeals declined to address the other two issues before it. Accordingly, the decision of the Court of Appeals and the case are respectively

**REVERSED AND REMANDED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.