641 S.E.2d 436

**The STATE, Respondent,**

v.

**Derrick TURNER, Appellant.**

**No. 26261.**

Supreme Court of South Carolina.

Heard Jan. 18, 2007.

Filed Feb. 12, 2007.

596

Jerry M. Screen, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Thomas E. Pope, of Rock Hill, for Respondent.

PER CURIAM:

Appellant was convicted of trafficking in marijuana and received a five year sentence and was ordered to pay a $5,000 fine. On appeal he contends the trial court erred in refusing to suppress a tape recording made while he and his codefendant were in the backseat of a police car following their arrests. We affirm.[1]

## FACTS

Appellant and his codefendant (Smith) were arrested as they delivered marijuana to Carter, who in turn sold it to informant McCorey. Following their arrests at the scene, appellant and Smith were read their *Miranda* rights, handcuffed, and then placed in a patrol car. The officer activated the audio/video recording equipment located in the vehicle.

---

1. We affirm the trial court's denial of appellant's directed verdict motion pursuant to Rule 220(b)(1), SCACR, and the following authority: *State v. McCluney,* 361 S.C. 607, 606 S.E.2d 485 (2004).

The tape of appellant's and Smith's incriminating conversation which followed was introduced at trial over appellant's objection.

## ISSUE

Whether the trial court erred in denying appellant's motion to suppress the statement made in the back of the police car?

## ANALYSIS

Appellant contends the tape should have been suppressed because it was obtained in violation of *Miranda* and in violation of appellant's Fourth Amendment rights. We disagree.

The circuit judge held that *Miranda* was not implicated by the taping of appellant and Smith while in the police vehicle because, while they were undoubtedly in police custody at the time of the recording, there was no interrogation. We agree. There is simply no evidence of actual interrogation, nor of the "functional equivalent" of interrogation, at the time of appellant and Smith's conversation. *E.g. State v. Owens,* 293 S.C. 161, 359 S.E.2d 275 (1987).

Furthermore, an individual does not have a reasonable expectation of privacy while being held in a police vehicle and thus there was no Fourth Amendment violation here. *See U.S. v. Clark,* 22 F.3d 799 (8th Cir.1994); *U.S. v. McKinnon,* 985 F.2d 525 (11th Cir.) *cert. denied* 510 U.S. 843, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993); *People v. Todd,* 26 Cal.App.3d 15, 102 Cal.Rptr. 539 (1972); *State v. Smith,* 641 So.2d 849 (Fla.1994); *State v. Timley,* 25 Kan.App.2d 779, 975 P.2d 264 (1998); *State v. Hussey,* 469 So.2d 346 (La.App. 2d Cir.1985); *People v. Marland,* 135 Mich.App. 297, 355 N.W.2d 378 (1984); *State v. Wischnofske,* 129 Or.App. 231, 878 P.2d 1130 (1994); *State v. Ramirez,* 535 N.W.2d 847 (S.D.1995).

The trial court did not err in denying appellant's motion to suppress. Appellant's conviction and sentence are therefore **AFFIRMED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.