PER CURIAM.
Appellant entered a plea of nolo conten-dere to the charge of trafficking in cocaine. He expressly reserved his right to appeal the trial court’s denial of his motion to suppress physical evidence and a secret tape recording of his conversation in the back seat of a police vehicle. We reverse and remand.
Appellant contends the trial court erred when it failed to suppress the tape recording. We agree. The police asked appellant to sit in the rear of a police vehicle solely for safety and comfort reasons. At that time, appellant was neither under arrest nor under articulable suspicion. Without appellant’s consent or other authorization, the police recorded his conversation. In Springle v. State, 613 So.2d 65 (Fla. 4th DCA 1993), this court held such secret and unauthorized tape recordings constitute an invasion of the right of privacy and a violation of section 934.03, Florida Statutes (1991). Therefore, the contents of the tape recording and any evidence derived therefrom are inadmissible under section 934.06, Florida Statutes (1991).
Appellant has not demonstrated reversible error in his arguments that the police conducted a purely pretextual traffic stop and illegally detained him in the police vehicle. The record shows the illegal tape *510 recording did not assist the police m their discovery of the suspected cocaine. Therefore, the trial court did not err when it denied appellant’s motion to suppress as to the seized physical evidence.
Accordingly, we reverse appellant’s conviction and sentence and remand for further consistent proceedings.
REVERSED and REMANDED.
ANSTEAD, LETTS and DELL, JJ., concur.