641 So.2d 849 (1994)
STATE of Florida, Petitioner,
v.
Robert SMITH, Respondent.
No. 81534.
Supreme Court of Florida.
June 16, 1994.
Rehearing Denied September 7, 1994.
*850 Robert A. Butterworth, Atty. Gen., and Joan Fowler and Carol Cobourn Asbury, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Susan D. Cline, Asst. Public Defender, West Palm Beach, for respondent.
HARDING, Justice.
We have for review Smith v. State, 616 So.2d 509 (Fla. 4th DCA 1993), in which the Fourth District Court of Appeal certified the following question as one of great public importance:
WOULD SOCIETY CONCLUDE THAT THE EXPECTATION OF PRIVACY, UNDER THE FACTS PRESENTED, WAS REASONABLE.
Smith v. State, No. 91-02513 (Fla. 4th DCA Apr. 9, 1993) (order certifying question). We rephrase the certified question to reflect the issue presented:
SHOULD A PERSON, WHO IS NEITHER UNDER ARREST NOR UNDER AN ARTICULABLE SUSPICION, BUT WHO HAS BEEN ASKED TO SIT IN THE REAR OF A POLICE VEHICLE FOR SAFETY AND COMFORT REASONS, REASONABLY EXPECT THAT CONVERSATIONS WITHIN THAT VEHICLE WILL BE PRIVATE AND INADMISSIBLE AS EVIDENCE?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the rephrased question in the negative.
Robert Smith was a passenger in a car heading northbound on I-95 when the car was pulled over by a police officer. The officer decided to pursue the car after he observed the car swerve erratically while the driver was doing "something" to his face. The driver told the officer that the car had swerved while he was splashing water on his face. The officer issued the driver a warning for failure to drive within a single lane and recommended that the driver drink some coffee or pull over and take a nap. Smith was asleep in the front passenger seat during this exchange.
Although the officer informed the driver that he was free to leave, the driver consented to the officer's request to search the car. For safety purposes, the officer requested the driver and Smith to sit in the back seat of the police car during the search of the car. The officer found cocaine in the glove compartment and arrested Smith and the driver.
While the search was taking place, the officer taped the conversation between Smith and the driver using a tape recorder in the police car. Smith and the driver were not told that they would be recorded. The taped conversation included a discussion concerning whether the officer had found the package in the car.
The trial court denied Smith's motion to suppress the cocaine and the tape recording, based upon a determination that there is no expectation of privacy in a police car. Smith was found guilty of trafficking in cocaine.
On appeal, the Fourth District Court reversed and remanded, finding that the trial court erred when it failed to suppress the tape recording. Smith, 616 So.2d at 509. The district court relied upon its prior decision in Springle v. State, 613 So.2d 65, 68 (Fla. 4th DCA), review dismissed, 626 So.2d 208 (Fla. 1993), which held that such secret and unauthorized tape recordings violate Florida's constitutional right of privacy as well as section 934.03, Florida Statutes (1991).[1] Thus, the district court concluded *851 that the tape recording and any evidence derived from it were inadmissible under section 934.06, Florida Statutes (1991).[2] However, because the district court found that the tape recording did not aid the police in finding the cocaine, it concluded that there was no error in denying the motion to suppress. The district court also found that the traffic stop was not pretextual and that Smith was not illegally detained in the police car. 616 So.2d at 509-10.
Although Smith contends that Florida's constitutional right of privacy protects his conversations in the back of the police car, we do not find that this constitutional protection is implicated in this case. Instead, we find that article I, section 12, the constitutional provision relating to searches and seizures, is relevant to this inquiry. Article I, section 12 of the Florida Constitution provides that "[t]he right of the people to be secure ... against the unreasonable interception of private communications by any means, shall not be violated." This constitutional provision also requires this Court to follow United States Supreme Court decisions construing the Fourth Amendment.[3]
The Fourth Amendment right to privacy is measured by a two-part test: 1) the person must have a subjective expectation of privacy; and 2) that expectation must be one that society recognizes as reasonable. Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). Had Smith been placed in the police car for custody purposes, our analysis would be quite simple. A prisoner's right of privacy fails both prongs of the Katz test. First, a prisoner's privacy interest is severely limited by the status of being a prisoner and by being in an area of confinement that "shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room." Lanza v. New York, 370 U.S. 139, 143, 82 S.Ct. 1218, 1221, 8 L.Ed.2d 384 (1962). Second, "society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security." Hudson v. Palmer, 468 U.S. 517, 528, 104 S.Ct. 3194, 3201, 82 L.Ed.2d 393 (1984). Thus, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Id. at 526, 104 S.Ct. at 3200. Courts have also determined that a person in custody in the back of a police car has no right of privacy because that person is essentially a prisoner. State v. McAdams, 559 So.2d 601, 602 (Fla. 5th DCA 1990); Brown v. State, 349 So.2d 1196, 1197 (Fla. 4th DCA 1977), cert. denied, 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978).
However, the instant case requires a different analysis as Smith was neither under arrest nor an articulable suspicion. Springle, which the district court relied upon in the instant case, addressed the same circumstances presented here: an unauthorized recording of a conversation after the police requested that the defendants sit in the back of the police car "for their own safety" while the police conducted a consented-to search of the defendants' vehicle. 613 So.2d at 66. The district court concluded that the defendants had a reasonable expectation of privacy in their oral communications within the police vehicle. Id. at 68. In reaching that conclusion, *852 the court focused on the status of the defendants who were "neither under arrest nor even articulable suspicion." Id. at 68.
In contrast, the Eleventh Circuit Court of Appeals has held that there is no reasonable expectation of privacy in a police car, regardless of the status of the person engaging in the conversation. United States v. McKinnon, 985 F.2d 525, 528 (11th Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993). In McKinnon, the defendant was tape recorded under the same circumstances as the instant case, except that the recording took place both before and after arrest. The federal district court denied the defendant's motion to suppress the pre-arrest portion of his recorded conversation. On appeal, the circuit court affirmed that denial, finding that the defendant "did not have a reasonable or justifiable expectation of privacy for conversations he held while seated in the back seat area of a police car." Id. at 528. In response to the defendant's argument that a person has broader rights pre-arrest than post-arrest, the circuit court found that there was "no persuasive distinction between pre-arrest and post-arrest situations in this case." Id. The court also cited with approval a number of cases where the locale of the conversations, rather than the status of the person doing the conversing, was the controlling factor. Id.; see also United States v. Harrelson, 754 F.2d 1153, 1169 (5th Cir.), cert. denied, 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985); State v. Hussey, 469 So.2d 346, 351 (La. Ct. App.), cert. denied, 475 So.2d 777 (La. 1985); People v. Marland, 135 Mich. App. 297, 355 N.W.2d 378, 384 (1984).
We agree with the Eleventh Circuit Court's reasoning and hold that a person does not have a reasonable expectation of privacy in a police car and that any statements intercepted therein may be admissible as evidence. This is consistent with the conclusions reached by other jurisdictions. See United States v. Sallee, No. 91 CR 20006-19, 1991 WL 352613 (N.D.Ill. Oct. 24, 1991) (finding that there is no reasonable expectation of privacy for conversations taking place while sitting in the back seat of a police car); Hussey, 469 So.2d 346 (finding that "guests" of arrestee had no reasonable expectation of privacy while conversing in back seat of police car); Marland, 355 N.W.2d 378 (holding that detainees, not under formal arrest, had no reasonable expectation of privacy while conversing in a police car).
We find section 934.03, which provides that it is a crime to willfully intercept oral communications, to be inapplicable to this case. In order to fall within the ambit of chapter 934, an oral communication must be "uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." § 934.02(2), Fla. Stat. (1991) (emphasis added). Thus, for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable. State v. Inciarrano, 473 So.2d 1272 (Fla. 1985). Because we find that there is no reasonable expectation of privacy in a police car, section 934.03 does not apply to conversations that take place in those vehicles. Consequently, the section 934.06 prohibition against the use of intercepted oral communications as evidence is inapplicable as well.
Accordingly, we answer the rephrased certified question in the negative, and quash the decision below. We also disapprove the opinion in Springle to the extent that it is inconsistent with this opinion. We remand this cause for further proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., OVERTON, J., and McDONALD, Senior Justice, concur.
SHAW and KOGAN, JJ., dissent.
NOTES
[1] Section 934.03, Florida Statutes (1991), provides in relevant part:

(1) Except as otherwise specifically provided in this chapter, any person who: (a) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication;
... .
shall be punished as provided in subsection (4).
[2] Section 934.06, Florida Statutes (1991), provides in relevant part:

Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court ... if the disclosure of that information would be in violation of this chapter.
[3] Article I, section 12 of the Florida Constitution provides in relevant part:

This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th amendment to the United States Constitution.