PALMER, J.
In this consolidated appeal, the State challenges the orders entered by the trial court granting W.E. and B.H.’s (“defendants”) motions to suppress a tape recorded conversation held between them while they were sitting in the back seat of a police car.[1] We reverse.
While investigating the theft of a golf cart, Deputy Daniel Lee of the Volusia County Sheriffs Department observed three boys walking toward an isolated wooded area where the stolen golf cart had been recovered. Deputy Lee approached the boys and asked them to stop so he could speak to them. They agreed. Deputy Lee asked the boys if they knew anything about the theft of the golf cart and whether any of them had a key to the cart. The boys all gave vague responses without admitting involvement. Noticing that one of the boys appeared particularly nervous, Deputy Lee asked whether the boys would consent to be searched. They did. During the search, Deputy Lee found drug paraphernalia on one of the boys and so he placed all of the boys in the back seat of his patrol car and called their parents to pick them up. At the same time, Deputy Lee activated a tape recorder so that he could record the boys’ conversation. While the boys were seated in the back seat of the car, they made incriminating statements concerning their involvement in the theft of the golf cart.
The State filed delinquency petitions against the defendants charging them with committing the crime of grand theft. The defendants moved to suppress the audio tape containing their incriminating statements, arguing that the tape recording had been obtained as the result of an illegal search. After conducting an evidentiary hearing on the motion, the trial court suppressed the tape recording, ruling that the boys possessed a reasonable expectation of privacy while seated in the back seat of the patrol car and, therefore, Deputy Lee lacked the authority to secretly tape record their conversation. The State appeals, arguing that pursuant to the law as expressed in State v. Smith, 641 So.2d 849, 851-852 (Fla.1994), there is no reasonable expectation of privacy in the back seat of a police car. The defendants properly concede error, acknowledging Smith to be controlling. Accordingly, the trial court’s suppression orders must be reversed and this matter remanded for further proceedings.
In closing, we reject the defendants’ claim that the trial court’s suppression orders must be affirmed on the alternative ground that the initial stop of the three boys by Deputy Lee was illegal and thus the tape recording was the fruit of the illegal stop. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)(holding that evidence obtained as a result of an illegal search is subject to suppression as being fruit of the *1234 poisonous tree). Review of the record reveals that the trial court properly concluded that the initial stop was legal. See State v. Fleming, 663 So.2d 1353 (Fla. 5th DCA 1995)(concluding that pursuant to stop and frisk law, law enforcement officials may detain suspects for reasonable time to investigate circumstances warranting investigatory stop as well as any suspicious circumstances produced by the stop).
Suppression orders REVERSED; Cases REMANDED.
THOMPSON, C.J. and SAWAYA, J., concur.

. Rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure authorizes the State to appeal pre-trial suppression orders.