993 So.2d 597 (2008)
Michael FLAXMAN, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. 4D07-4780.
District Court of Appeal of Florida, Fourth District.
October 29, 2008.
*598 David J. George and Douglas Wilens of Coughlin Stoia Geller Rudman & Robbins LLP, Robert E. O'Connell and Michelle Reichler of Robert O'Connell, P.A., Boca Raton, for appellant.
Frank A. Zacherl and Suzanne Youmans Labrit of Shutts & Bowen LLP, Miami, for appellee.
WARNER, J.
Appellant Michael Flaxman appeals the final order granting summary judgment in favor of appellee Government Employees Insurance Company ("GEICO") on his claim that GEICO failed to pay personal injury protection benefits he claimed were due to him pursuant to his policy. We affirm, because the unambiguous terms of the policy show that appellant has received all the benefits to which he was entitled.
Flaxman was involved in an automobile accident and incurred medical expenses in excess of $17,000. At the time of the accident, Flaxman was insured by GEICO under an automobile policy issued to his mother. The policy provided statutory personal injury protection ("PIP") coverage of 80% of medical expenses as well as 60% of work loss, up to a total aggregate limit of $10,000. Flaxman's mother had also purchased additional personal injury protection ("APIP") which increased the amount of PIP payments to 100% of medical expenses and 85% of wage loss. All *599 other provisions of the policy regarding PIP coverage continued to apply to APIP.
Flaxman assigned his insurance benefits under the policy to at least one of his health care providers. Once GEICO paid the $10,000 PIP limit, it advised the remaining medical providers seeking payment that Flaxman's benefits were exhausted. Flaxman personally satisfied the outstanding medical bills from his settlement with GEICO.
After notifying GEICO of his claim for unpaid benefits, Flaxman brought suit claiming that GEICO failed to pay a portion of his medical expenses and lost wages as mandated by Florida's PIP statute and the insurance policy. Flaxman complained that GEICO pays an additional 20% in PIP benefits for those with APIP coverage only up to the first $10,000 of medical bills. When medical expenses exceed $10,000 GEICO stops paying basic PIP benefits at $8,000, in violation of section 627.736, Florida Statutes, which mandates $10,000 of basic PIP benefits, and stops paying APIP benefits at $2,000. He argued that if GEICO fulfilled its contractual and statutory obligations, an insured covered by a policy with APIP who incurs $12,500 or more in medical expenses should receive the statutorily required $10,000 in basic PIP plus $2500 in additional PIP benefits for a total of $12,500. Instead, GEICO paid only $8,000 of basic PIP benefits at 80% and paid only $2,000 of additional PIP benefits at 20%. Because GEICO paid out only $10,000, he maintained he was entitled to receive an additional $2,000 in basic PIP benefits plus $500 in APIP benefits, for a total of $2,500.
GEICO filed an answer and affirmative defenses, including notice defenses and that the policy simply did not provide for the coverage as contended by Flaxman. The parties filed cross-motions for summary judgment. As part of its motion, GEICO addressed the underlying merits that the policy language did not provide for the coverage Flaxman demanded.
The trial court granted summary judgment and then final judgment in favor of GEICO on the notice defenses. Flaxman appeals. We conclude that on the merits the policy does not provide the coverage Flaxman claims. We thus affirm the trial court on a different ground.
The construction of an insurance policy is a question of law for the court and is subject to de novo review. See U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So.2d 871, 877 (Fla.2007); Jones v. Utica Mut. Ins. Co., 463 So.2d 1153, 1157 (Fla.1985). Insurance policies are construed according to their plain meaning, with any ambiguities construed against the insurer. J.S.U.B., 979 So.2d at 877. As we said in Classic Concepts, Inc. v. Poland, 570 So.2d 311, 312 (Fla. 4th DCA 1990):
[I]f the language found in an insurance policy is not ambiguous or otherwise susceptible of more than one meaning, the court's task is to apply the plain meaning of the words and phrases used to the facts before it. The courts, therefore, are not free to rewrite an insurance policy or add meaning to it that is not really there.
We apply these principles to the construction of the policy in this case.
The PIP section of the policy provided that GEICO would pay for the benefit of an injured insured 80% of medical expenses and 60% of work loss. The policy also contained a limitation of $10,000 aggregate payments:
[T]he total aggregate limit of personal injury protection benefits available under the Florida Motor Vehicle No-Fault Law, as amended, from all sources combined, including this policy, for all loss and expense incurred by or on behalf of *600 any one person who sustains bodily injury as a result of any one accident shall be $10,000....
(emphasis supplied). The limits of liability also contained multiple provisions regarding the application of other insurance and payments, such as workers' compensation payments, federal military benefits, and the application of the deductible.
Flaxman's mother purchased APIP coverage. The terms of that coverage provided:
In consideration of premium paid, we agree that the Personal Injury Protection Section of your policy is amended to provide Additional Personal Injury Protection. Additional Personal Injury Protection is subject to all the terms and conditions of your policy that apply to Personal Injury Protection, except as specifically altered by this amendment.

PAYMENTS WE WILL MAKE
(a) and (b) of the coverage grant (PAYMENTS WE WILL MAKE) in PART I of the Personal Injury Section of your policy are changed to read as follows:
(a) 100% of medical expenses; and
(b) 85% of work loss.

LIMIT OF LIABILITY
We will pay Additional Personal Injury Protection benefits only after the limits of the basic Florida Personal Injury Protection benefits that are available from any source have been exhausted....
(first emphasis supplied). The policy unambiguously places an aggregate limit of $10,000 on PIP coverage, and the APIP amendment is subject to all provisions of the policy that apply to PIP. Thus, the aggregate liability under APIP is the $10,000 PIP limit. APIP is not applied until all payments from other sources have been exhausted. This coincides with those provisions of PIP coverage which require the exhaustion of other sources of insurance and benefits.
APIP, then, essentially buys the insured the payment of an additional 20% of medical expenses, as they are incurred, and 20% of work loss as it is incurred, up to an aggregate limit of $10,000 for all expenses and work loss. As the aggregate expenses approach and then exceed $10,000, the amount of APIP decreases.
In GEICO's brief, a chart shows an example of how PIP and APIP are applied pursuant to the terms of the policy:

-----------------------------------------------------------
 INCREASE IN
EXAMPLE INSURANCE INSURANCE PAYMENT DUE
CLAIMS PAYMENT PAYMENT TO APIP
 PIP ONLY PIP WITH APIP OPTION
-----------------------------------------------------------
$5,000 Medical $ 4,000 $ 5,000 $1,000
-----------------------------------------------------------
$5,000 Medical &
$2,000 Wage Loss $ 5,200 $ 6,700 $1,500
-----------------------------------------------------------
$10,000 Wage Loss $ 6,000 $ 8,500 $2,500
-----------------------------------------------------------
$10,000 Medical &
$2,000 Wage Loss $ 9,200 $10,000 $ 800
-----------------------------------------------------------
$12,000 Medical $ 9,600 $10,000 $ 400
-----------------------------------------------------------
Flaxman: $17,000
Medical $10,000 $10,000 $ 0
-----------------------------------------------------------

As can be seen from the foregoing example, the value of APIP coverage over basic PIP diminishes as expenses and losses approach $10,000. Based on the policy provisions, the application of APIP does *601 not violate the terms of section 627.736(1), Florida Statutes. The policy still provides $10,000 of PIP coverage. That APIP does not provide more of a benefit may disappoint Flaxman, but it does not violate the statute or run contrary to the clear policy provisions of the aggregate limit of coverage.
Because the unambiguous terms of the policy do not provide for the payment of any more than $10,000 for PIP or APIP payments, and GEICO has already paid that amount to Flaxman, GEICO has not breached the policy provisions. We affirm the final summary judgment in favor of GEICO.
Affirmed.
STONE and DAMOORGIAN, JJ., concur.