DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEATHER SILVERSMITH,**
Appellant,

v.

**STATE FARM INSURANCE COMPANY,**
Appellee.

No. 4D20-2685

[July 7, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE19-026047.

Samuel Alexander of Alexander Appellate Law P.A., DeLand, for appellant.

Ubaldo J. Perez, Jr. of Law Office of Ubaldo J. Perez, Jr., Miami Lakes, and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellee.

PER CURIAM.

An insured homeowner appeals an order denying her motion for summary judgment and ruling that no one may audio/video record the inspection of her home by the insurer's appraiser unless all participants consent.

We reverse. The trial court erred in applying section 934.03, Florida Statutes (2020), which precludes interception of oral communications in some circumstances. Here, the appraiser has no legitimate expectation of privacy in the insured's home, and the statute does not apply.

The insured filed a property damage claim, and the insurer invoked its right to appraisal under the policy. The insured then filed an action in circuit court seeking a declaratory judgment that she has the right to audio/video record the appraiser's inspection of the home even though the appraiser objects.

The insured moved for summary judgment on her declaratory judgment action, and the trial court denied the motion. In the order, the court ruled

that no one may audio/video record the inspection unless all participants consent. The insured timely appeals.

First, we reject the insured's argument that the court violated her right to due process by granting unpleaded injunctive relief. The insured brought the issue before the court through her action and summary judgment motion and failed to preserve any errors in the court granting unpleaded relief.

We agree with the insured, however, that the court erred in precluding her from openly recording a visitor within her own home.

At the hearing on the motion, the court announced that, under Florida law, "the only way to record by way of video or audio is with the full consent of all parties participating." The court was apparently relying on section 934.03, Florida Statutes (2020), which precludes interception of oral communications in some circumstances. The court erred.

As argued by the insured, "for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994) (concluding that a person did not have a legitimate expectation of privacy while seated in the back of a police car).

The insured is correct that nothing in the policy precluded audio/video recording of an appraisal inspection and that the insurer's appraiser has no legitimate expectation of privacy while in the insured's home for the inspection.

The insurer has not identified anything that would validly preclude a homeowner from openly recording an inspection of her own home.

As recognized in *State Farm Florida Insurance Co. v. Chirino*, 300 So. 3d 1240, 1242 (Fla. 3d DCA 2020), where the court denied certiorari review of an order allowing a homeowner to record an inspection, the homeowner and her representatives have a right to be present during the inspection, and the insurer has shown nothing that precludes the homeowner or her representatives from openly making a recording of the inspection.

Accordingly, the order is reversed and remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

2

GROSS, CIKLIN and LEVINE, JJ., concur.

*      *      *

*Not final until disposition of timely filed motion for rehearing.*