DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYAN D. GESTEN** and **ANDREA GESTEN,**
Appellants,

v.

**AMERICAN STRATEGIC INSURANCE CORP.,**
Appellee.

No. 4D21-1851

[June 1, 2022]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 502019CA015181XXXXMB.

Samuel Alexander of Alexander Appellate Law, P.A., DeLand, for appellants.

Patrick E. Betar and Evelyn M. Merchant of Berk, Merchant & Sims, PLC, Coral Gables, for appellee.

WARNER, J.

Insureds, the Gestens, appeal a final summary judgment in a declaratory judgment action against their property insurer, American Strategic Insurance Corp. ("ASI"). The court ruled in favor of ASI on its contention that the insurance policy at issue does not permit insureds to video and audio record the insurer's agent's inspection of a property loss. Because the policy does not address the issue, we conclude that the court erred. Therefore, we reverse and remand for entry of a declaratory judgment in favor of the insureds.

Insureds suffered a covered loss to their property due to a plumbing malfunction. They hired a public adjuster (PA) to assist them in submitting a claim. During the course of the adjustment, the PA contacted ASI about an inspection by its adjuster and informed ASI that "the insured has granted permission for me to video record with audio our inspection of their home for the purpose of documenting the claims process. This is

being done for the benefit of transparency and accountability for both parties." ASI objected to the audio recording.

On the day of the inspection at insureds' home, ASI's counsel, adjuster, and independent expert met insureds, their counsel, and the PA at the property. Strapped to the PA was a video camera. He advised that he intended to video and audio record the inspection. ASI's counsel again objected to the audio recording. As the parties could not agree on audio recording, the ASI entourage left, and the inspection was never completed.

ASI then petitioned for declaratory relief, seeking an order declaring its right to inspect the property free from video and audio recording. Specifically, ASI argued that the policy's plain language did not permit recording and that audio recording would impair ASI's inspectors from freely discussing and evaluating the claim. In pertinent part, the policy provides:

> SECTION I – CONDITIONS
> . . . .
> 2. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:
> . . . .
>  f. As often as we reasonably require:
>
>  (1) show the damaged property;

Insureds counterclaimed for breach of contract and for declaratory relief, seeking a determination that the damage was covered. They also responded to ASI's claims, arguing substantial compliance with the policy, that the policy does not prohibit video or audio recording, and that no laws prevent insureds from recording in their own home upon notice.

Insureds then moved for summary judgment, arguing that under the law and the policy, they had the right to audio and video record an inspection of their home. In response, ASI filed a cross motion for summary judgment, in which it argued that the policy did not permit recording of any kind during an inspection and to interpret otherwise would improperly expand the policy's terms.

Following a hearing on the matter, the court granted summary judgment in ASI's favor, denied insureds' motion for summary judgment, and entered final summary judgment in favor of ASI on its petition for declaratory judgment. Based on the parties' agreement, the court also

dismissed insureds' remaining issues without prejudice to refiling.[1]  This appeal follows.

Insurance policy interpretation is a question of law, subject to de novo review.  *Avatar Prop. & Cas. Ins. Co. v. Castillo*, 294 So. 3d 406, 409 (Fla. 4th DCA 2020).  A trial court's order entering final summary judgment is also reviewed de novo.  *Geico Indem. Co. v. Muransky Chiropractic P.A.*, 323 So. 3d 742, 745 (Fla. 4th DCA 2021).

Insureds argue that the policy did not prohibit them from audio and video recording inspections of their own home, and the adjuster did not have a protectable right of privacy interest when conducting an inspection there.  ASI responds that because the policy language does not contain a provision permitting either party to record an inspection, ASI did not need to submit to being recorded.

"Where the language in an insurance contract is plain and unambiguous, a court must interpret the policy in accordance with the plain meaning so as to give effect to the policy as written."  *Allstate Ins. Co. v. Orthopedic Specialists*, 212 So. 3d 973, 975–76 (Fla. 2017) (quoting *Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 948 (Fla. 2013)). "[W]here the provisions of an insurance policy are at issue, any ambiguity which remains after reading each policy as a whole and endeavoring to give every provision its full meaning and operative effect must be liberally construed in favor of [the insured] and strictly against the insurer." *Ruderman*, 117 So. 3d at 949–50.  "Where a contract is simply silent as to a particular matter, that is, its language neither expressly nor by reasonable implication indicates that the parties intended to contract with respect to the matter, the court should not, under the guise of construction, impose contractual rights and duties on the parties which they themselves omitted."  *Jacobs v. Petrino*, 351 So. 2d 1036, 1039 (Fla. 4th DCA 1976) (quoting *Gulf Cities Gas Corp. v. Tangelo Park Serv. Co.*, 253 So. 2d 744 (Fla. 4th DCA 1971)).

The policy in this case is silent as to video or audio recording ASI or its agents.  At most, the policy provides that after a loss, insureds must show the damaged property as often as ASI reasonably requires.  The policy says nothing about who may attend the inspection and whether either party has the right to record the ensuing inspection.  To the extent that the policy is considered uncertain, we are "compelled to construe the interpretation against the insurer."  *Nawaz v. Universal Prop. & Cas. Ins.*

---

[1] We construe this as dismissing these claims to make the judgment final for purposes of appeal.

3

*Co.*, 91 So. 3d 187, 189 (Fla. 4th DCA 2012). Thus, we conclude that the policy does not prohibit the insureds from taking a video and audio recording of the insurance inspection in their own home.

ASI does not rely on an insurance adjuster's right of privacy, with good reason. We have already determined that an insurer's appraiser has no legitimate expectation of privacy while in an insured's home for an inspection, and thus audio and video recording of the inspection was allowed. In *Silversmith v. State Farm Insurance Co.*, 324 So. 3d 517 (Fla. 4th DCA 2021), we specifically found that section 934.03, Florida Statutes (2020), which prohibits the audio recording of oral conversations unless both parties have given prior consent, did not apply to those circumstances. We said:

> As argued by the insured, "for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994) (concluding that a person did not have a legitimate expectation of privacy while seated in the back of a police car).

> The insured is correct that nothing in the policy precluded audio/video recording of an appraisal inspection and that the insurer's appraiser has no legitimate expectation of privacy while in the insured's home for the inspection.

> The insurer has not identified anything that would validly preclude a homeowner from openly recording an inspection of her own home.

> As recognized in *State Farm Florida Insurance Co. v. Chirino*, 300 So. 3d 1240, 1242 (Fla. 3d DCA 2020), where the court denied certiorari review of an order allowing a homeowner to record an inspection, the homeowner and her representatives have a right to be present during the inspection, and the insurer has shown nothing that precludes the homeowner or her representatives from openly making a recording of the inspection.

*Id.* at 518.

In *State v. Smith*, 641 So. 2d 849 (Fla. 1994), our supreme court construed section 934.03 to require more than a subjective expectation of privacy:

> In order to fall within the ambit of chapter 934, an oral communication must be "uttered by a person exhibiting an expectation that such communication is not subject to interception *under circumstances justifying such expectation* and does not mean any public oral communication uttered at a public meeting or any electronic communication." § 934.02(2), Fla. Stat. (1991) (emphasis added). Thus, for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, *along with a societal recognition that the expectation is reasonable. State v. Inciarrano*, 473 So. 2d 1272 (Fla. 1985).

*Id.* at 852 (second emphasis supplied); *see also Smiley v. State*, 279 So. 3d 262 (Fla. 1st DCA 2019) (defendant did not have a reasonable expectation of privacy when he knew he was being recorded in victim's home, because society would not recognize it as reasonable where victim had ordered him to leave multiple times). The facts of this case do not satisfy the criteria of *Smith*.

As in *Silversmith*, we conclude that nothing on this record precludes an insured from recording an insurance adjuster's inspection while in the insured's own home. The trial court erred in entering declaratory judgment for the insurer.

*Reversed and remanded for further proceedings.*

LEVINE, J., concurs.
KLINGENSMITH, J., concurs specially with opinion.

KLINGENSMITH, J., specially concurring.

While I concur in reversing the lower court's order of summary judgment, I write to express my disagreement with the *Silversmith*[2] opinion cited by the majority in support of that result.

Appellants want the court to authorize both audio and video recording of an appraisal without the consent, and over the specific objection, of their insurer and its adjuster. Section 934.03, Florida Statutes (2019),

---

[2] *Silversmith v. State Farm Ins. Co.*, 324 So. 3d 517 (Fla. 4th DCA 2021).

provides in relevant part that "any person who . . . intentionally intercepts, [or] endeavors to intercept, . . . any . . . oral . . . communication . . . is guilty of a felony of the third degree." The legislature defines intercept as "the aural or other acquisition of the contents of any . . . oral communication through the use of any electronic, mechanical, or other device." § 934.02(3), Fla. Stat. (2019).

These statutes prohibit the audio recording component that appellants have consistently insisted on including as part of their appraisal process. *See Guilder v. State*, 899 So. 2d 412, 419 (Fla. 4th DCA 2005) (holding that tape recording of a face-to-face conversation by a participant, without prior consent from all participants, constitutes an unlawful interception of an oral communication under section 934.03); *see also Horning-Keating v. Emps. Ins. of Wausau*, 969 So. 2d 412, 418 n.4 (Fla. 5th DCA 2007) (reiterating the holding in *Guilder*).

Relying on *State Farm Florida Insurance Co. v. Chirino*, 300 So. 3d 1240 (Fla. 3d DCA 2020), *Silversmith* reversed a court order holding that the parties could not record, through audio nor video, a home inspection unless all participants consented, thus allowing one to openly record a visitor within her own home. *Silversmith*, 324 So. 3d at 518. *Silversmith* reached its result by misplacing its reliance on *Chirino*. In *Chirino*, the trial court held that an insured was allowed to make both a video and audio recording of the insurer's appraiser's inspection over objection. 300 So. 3d at 1242. Yet in that case, unlike here, the insurer advanced the argument under article I, section 23 of the Florida Constitution that the audio recording could not be made without consent because the appraiser's right to privacy was being invaded. *Id.* at 1241. The Third District rejected that argument, noting, "Florida's Constitutional right to privacy protects persons from governmental, not private intrusion." *Id.* at 1242. The application of section 934.02 was never raised in that case.

As the basis for its ruling, the *Silversmith* court stated that the insurer had not identified anything that would validly preclude a homeowner from openly recording an inspection of her own home. 324 So. 3d at 518. As a result, *Silversmith* is in direct conflict not only with the statute but with our prior decisions in both *Guilder* and *Horning-Keating*. *Silversmith* merely made passing reference to section 934.03 in its analysis, while noting that "for an oral conversation to be protected under section 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable." *Id.* (quoting *State v. Smith*, 641 So. 2d 849, 852 (Fla. 1994)). However, by its express terms, chapter 934 prohibits what the appellants want to do.

Section 934.02 provides that an oral communication must be "uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting or any electronic communication." § 934.02(2), Fla. Stat. (2019). Section 934.03(2) contains a list of specific exceptions to the general prohibition against audio recording found in section 934.03(1); among those exceptions, the statute provides for situations in which all parties to the conversation have consented to the recording. § 934.03(2)(d), Fla. Stat (2019). That did not occur here.

The fact that the audio recording activity in this case was desired by the homeowner inside his own home is not a distinction that allows us to disregard the statute. In fact, in *State v. Walls*, 356 So. 2d 294, 296 (Fla. 1978), the Florida Supreme Court applied the statute to a conversation that occurred inside a home with the consent of the homeowner but not the other party. In that case, the Court held that even an extortionary threat "delivered personally to the victim in the victim's home is an 'oral communication' . . . [and] pursuant to Section 934.03, the electronic recording of such 'oral communication' *without the consent of all parties to the communication was prohibited.*" *Id.* at 296 (emphasis added).

The statute also does not contain any exception for business interactions, nor is there a carve-out for situations where more than one other person is present. *See* § 934.03, Fla. Stat. (2019). To suggest, as the majority does, that an insurance adjuster has no right to object to an audio recording of his or her conversations while in someone else's home flies in the face of this precedent. Parties engaged in business dealings, whether those dealings occur inside or outside of a home, do not lose their expectation of privacy such that the audio recording of their interaction is permitted without consent. To accept the majority's implication, and that of *Silversmith*, that parties to a business interaction are stripped of their expectation of privacy to the extent that their consent per the statute is unnecessary is both untenable and directly contradicted by the statute, our court's jurisprudence, and cases from our sister courts.

The "no expectation of privacy" exemption under section 934.02(2) applies to *public* speech which occurs in the public arena as well as those communications which occur in *public settings*, such as a lecture, rally, ceremony, or governmental proceedings or communications. *See, e.g.*, *Smith*, 641 So. 2d at 852 (concluding that a person did not have a legitimate expectation of privacy while seated in the back of a police car). Mere attendance during an interaction by more than two persons, including meetings convened in a home in furtherance of resolving a

7

business dispute, does not convert a private gathering into a public event. *Silversmith* seems to apply an *objective* expectation of privacy—not a *subjective* expectation—to all conversations, including those conducted in a business context, so that participants can assert privacy grounds to avail themselves of the statute and prohibit *audio* recording without consent.

Participants involved in conversations which occur in the context of a business discussion or transaction retain both an objective and subjective expectation of privacy. Other than *Silversmith,* seemingly no case law supports the proposition that, absent a contractual waiver, someone abandons their expectations of privacy by engaging in private dispute resolution. *See Nawaz v. Universal Prop. & Cas. Ins. Co.*, 91 So. 3d 187, 189 (Fla. 4th DCA 2012) (public adjuster permitted to attend insured's sworn statement because attendance was allowed by the policy terms). To that extent, *Silversmith* is an outlier.

Our court has stated the applicable principles of insurance policy construction as follows:

> [I]f the language found in an insurance policy is not ambiguous or otherwise susceptible of more than one meaning, the court's task is to apply the plain meaning of the words and phrases used to the facts before it. The courts, therefore, are not free to rewrite an insurance policy or add meaning to it that is not really there.

*Flaxman v. Gov't Emps. Ins. Co.*, 993 So. 2d 597, 599 (Fla. 4th DCA 2008) (quoting *Classic Concepts, Inc. v. Poland*, 570 So. 2d 311, 312 (Fla. 4th DCA 1990)). In other words, if a policy has no language waiving privacy for appraisal inspections, courts are not free to rewrite them to create one. Nor can courts rewrite statutes to create exceptions and exemptions consistent with their own ideas of orderliness and public policy.

Nothing in the parties' policy waived any of their privacy rights under the statute. Although the policy did not specifically address the appraisal inspections, the policy also did not include any language that specified how such inspections are to be conducted, nor any language that would permit audio (or video) recording of any interaction. Had the parties intended to waive their privacy rights, they could have included such language and terms in the policy. To imply either consent or the lack of any privacy interest in the context of an insured/insurer dispute, as *Silversmith* does, is to create exemptions under chapter 934 for an entire class of interactions that the legislature did not authorize.

8

Because the insurer did not specifically raise an objection under chapter 934 in the lower court, and because our opinion here does not explicitly rest on *Silversmith* as controlling precedent, we do not need to revisit *Silversmith* for the purposes of deciding this matter. However, in the future, I would consider doing so in an appropriate case.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**