**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steve McKINNON, Defendant–Appellant.**

**No. 91–3944.**

United States Court of Appeals,
Eleventh Circuit.

March 9, 1993.

H. Jay Stevens, Federal Public Defender and James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, FL, for defendant-appellant.

Robert W. Genzman, U.S. Atty. and Ernst D. Mueller, Asst. U.S. Atty., Jacksonville, FL, for plaintiff-appellee.

Before HATCHETT, DUBINA and CARNES, Circuit Judges.

HATCHETT, Circuit Judge:

As a matter of first impression in this circuit, we hold that a person seated in a police car does not have a reasonable expectation of privacy under Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510, *et seq.* nor the Fourth Amendment to the Constitution.

## FACTS

On January 3, 1991, law enforcement officers stopped a pick-up truck in which Theodore Pressley was the driver, and the appellant, Steve McKinnon, was a passenger, for failure to drive in a single lane on the Florida Turnpike extension in Sumter County, Florida. After Pressley successfully performed sobriety tests, one of the officers asked Pressley if he could search the truck for narcotics. Pressley signed a form signifying his consent. After the officers began the search, they invited McKinnon and Pressley to sit in the back seat of the police car until completion of the search. Accepting the invitation, McKinnon and Pressley sat in the police car while the officers continued to search Pressley's truck.

Unbeknownst to McKinnon and Pressley, one of the law enforcement officers surreptitiously activated a tape recorder located in the police car which recorded McKinnon's and Pressley's incriminating conversations. Upon finding cocaine in the truck, the officers arrested McKinnon and Pressley. Following the arrest, the officers placed McKinnon and Pressley in the back seat of the police car, and again they engaged in incriminating conversations.

## PROCEDURAL HISTORY

On February 6, 1991, a federal grand jury indicted McKinnon, charging in three counts that he: (1) knowingly, intentionally and willfully conspired with other persons to distribute cocaine and cocaine base pursuant to 21 U.S.C. § 846; (2) knowingly, intentionally and willfully possessed cocaine and cocaine base pursuant to 21 U.S.C. § 841(a)(1); and (3) aided and abetted in the possession of cocaine and cocaine base pursuant 18 U.S.C. § 2. McKinnon entered not guilty pleas.

On the morning of trial, McKinnon filed a motion to suppress the pre-arrest portion of the tape recorded conversation. After a hearing on the motion, the district court denied the motion to suppress. Later, McKinnon entered a plea of guilty to all three counts, but reserved the right to appeal the denial of the motion to suppress. The district court sentenced McKinnon to 150 months imprisonment on each count to run concurrently, plus five years of supervised release. McKinnon filed this appeal.

## CONTENTIONS OF THE PARTIES

McKinnon contends that the admission of the tape recording of his pre-arrest conversation while he sat in the back seat area of a police car violates Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510 *et seq.* ("Title III") and his right to privacy pursuant to the Fourth Amendment to the United States Constitution. The government contends that McKinnon could not have reasonably believed that he had a right to privacy in the back seat area of a police car; hence, neither Title III nor the Fourth Amendment apply.

## ISSUE

The sole issue is whether the district court erred in denying the motion to suppress the tapes resulting from the secret recording of McKinnon's pre-arrest conversations while he sat in the back seat of the police car.

## DISCUSSION

■ Whether the district court erred in denying the motion to suppress is a mixed question of law and fact. *United States v. Wilson,* 894 F.2d 1245, 1254 (11th Cir.), *cert. denied sub nom. Levine v. United States,* 497 U.S. 1029, 110 S.Ct. 3284, 111 L.Ed.2d 792 (1990). We review the district court's factual findings under the clearly erroneous standard; we review *de novo* its application of the law to those facts. *Wilson,* 894 F.2d at 1254.

■ McKinnon asserts that the tape recording of his pre-arrest conversations violates Title III and his Fourth Amendment right to privacy. Title III prohibits unauthorized interception and disclosure of oral communications. 18 U.S.C. § 2511. The government argues that the recording of McKinnon's conversation does not constitute the recording of an "oral communication" as defined in 18 U.S.C. § 2510(2). Title III defines "oral communication" as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such exception, but such term does not include any electronic communication." 18 U.S.C. § 2510(2). Thus, we must decide the statutory question gleaned from Title III's language and the legislative history. That is, whether the person uttering the words has a reasonable or justifiable expectation of privacy. *See* 18 U.S.C. § 2510(2); S.Rep. No. 541, 99th Cong., 2d Sess. (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3567; *United States v. Harrelson,* 754 F.2d 1153, 1169 (5th Cir.), *cert. denied,* 474 U.S. 908, 106 S.Ct. 277, 88 L.Ed.2d 241 (1985) (framing the question as whether a reasonable expectation of privacy existed).

The legislative history of Title III directs that we consider "oral communication" in light of the constitutional standards expressed in *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). S.Rep. No. 1097, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 2112, 2178. The constitutional question is "whether the person invoking its [Fourth Amendment] protection can claim a 'justifi-able,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979) (referring to *Katz* ); *accord United States v. Shields,* 675 F.2d 1152, 1158 (11th Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982) (citing *Katz,* 389 U.S. at 353, 88 S.Ct. at 512 and *United States v. White,* 401 U.S. 745, 752, 91 S.Ct. 1122, 1126, 28 L.Ed.2d 453 (1971)). Hence, the statutory and constitutional test is whether a reasonable or justifiable expectation of privacy exists.

■ This test has two prongs. First, whether McKinnon's conduct exhibited a subjective expectation of privacy; second, whether McKinnon's subjective expectation of privacy is one that society is willing to recognize as reasonable. *Smith,* 442 U.S. at 740, 99 S.Ct. at 2580 (citing *Katz,* 389 U.S. at 361, 88 S.Ct. at 516).

McKinnon argues that he exhibited a subjective expectation of privacy because he could not exit the police car, did not consent to the surreptitious recording, was out of the officers' range for hearing his conversations, and was not under arrest. Furthermore, McKinnon argues that society is willing to recognize this subjective expectation of privacy because the government violated his rights because it did not have probable cause to conduct this secret search. Finally, McKinnon argues that the front seat of a police car is equivalent to the officer's office, but the back seat is the office of the arrestee.

The government counters that no expectation of privacy exists in a marked police car, which is tantamount to a police officer's office. Furthermore, the back seat of a police car is equivalent to a jail, and no reasonable expectation of privacy exists in a jail cell. Additionally, the government argues that McKinnon could hear police radio transmissions while in the back of the police car; hence, no reasonable or justifiable expectation of privacy existed.

Though we have no controlling authority in this circuit, one federal district court and

several state courts have held that no reasonable expectation of privacy exists in the back seat area of a police car. *United States v. Sallee*, 1991 WL 352613, 1991 U.S.Dist. LEXIS 20553 (N.D.Ill.1991); *State v. McAdams*, 559 So.2d 601, 602 (Fla. 5th D.C.A.1990); *State v. Hussey*, 469 So.2d 346, 351 (La.Ct.App.2d Cir.), *cert. denied*, 475 So.2d 777 (La.1985); *People v. Marland*, 135 Mich.App. 297, 355 N.W.2d 378, 384 (1984); *State v. Lucero*, 96 N.M. 126, 128, 628 P.2d 696, 698 (Ct.App.1981); *Brown v. State*, 349 So.2d 1196, 1197 (Fla. 4th D.C.A.1977), *cert. denied*, 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978). McKinnon fails to satisfy either prong of the test. Hence, we hold that McKinnon did not have a reasonable or justifiable expectation of privacy for conversations he held while seated in the back seat area of a police car.

Moreover, McKinnon concedes that his post-arrest conversations are not entitled to Title III or Fourth Amendment protection. He argues, however, that a person has broader rights pre-arrest than post-arrest. We find no persuasive distinction between pre-arrest and post-arrest situations in this case. *See Harrelson*, 754 F.2d at 1169–1170 (finding inmate and visiting wife had no reasonable expectation of privacy while conversing in a jail); *Marland*, 355 N.W.2d at 384 (holding detainees, not under formal arrest, had no reasonable expectation of privacy while conversing in a police car); *Hussey*, 469 So.2d at 351 (finding "guests" or "visitors" of arrestee had no reasonable and justifiable expectation of privacy while conversing in the back of a police car). Both situations require the same test.

We affirm the district court's denial of the motion to suppress.

AFFIRMED.