UNITED STATES of America, Plaintiff–Appellant–Cross–Appellee,

v.

Kenneth GILLEY, Defendant–Appellee–Cross–Appellant.

No. 93–4489.

United States Court of Appeals, Eleventh Circuit.

Feb. 7, 1995.

William Michael, Jr., Asst. U.S. Atty., Ft. Pierce, FL, Kendall Coffey, U.S. Atty., Dawn Bowen, Linda Collins Hertz, Asst. U.S. Attys., Miami, FL, for appellant.

Peter V. Birch, Asst. Federal Public Defender, West Palm Beach, FL, for appellee.

Before COX and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Kenneth Gilley was convicted under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon. At the sentencing hearing, the government moved to have Gilley's sentence enhanced under 18 U.S.C. § 924. The district court denied the enhancement.

The United States appeals the failure of the district court to sentence Kenneth Gilley in accordance with the mandatory requirements of the Armed Career Criminal Act ("ACCA") and the criminal history provisions of the sentencing guidelines.

Gilley cross-appeals his conviction claiming a fourth amendment violation in the admission in evidence of a recording made of his conversation with a codefendant while he was detained in a police vehicle during the stop and search of his vehicle.

### Sentencing Issue

The ACCA provides an enhanced sentence for any person who unlawfully possesses a firearm in violation of 18 U.S.C. § 922(g) and "has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense...."

The district court permitted Gilley to collaterally attack four of the five predicate state convictions to preclude their use for enhancement under the ACCA and in determining his criminal history score pursuant to Section 4A1.2 of the guidelines. The objection raised by Gilley, and sustained by the district court, was that the state court transcripts of plea hearings failed to show that a sufficient factual basis had been elicited on the record to accept Gilley's pleas.

For purposes of calculating Gilley's sentence, his base offense level was reduced from 33 under the ACCA to 24, and his criminal history category from VI to IV because there were not the three necessary convictions for sentencing under the ACCA. Gilley was sentenced to 96 months' incarceration, three years' supervised release and a special assessment of $50.00.

The government argues that *Custis v. United States,* — U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) is dispositive. We agree. *Custis* precludes a collateral attack on prior convictions that are counted for sentencing purposes under s 924(e)(1), with the sole exception of convictions obtained in violation of the right to counsel. The Court held in *Custis* that "s 924(e) does not permit [a defendant] to use the federal sentencing forum to gain review of his state court convictions." *Id.* at ——, 114 S.Ct. at 1739.

### Denial of Motion to Suppress Statements

Gilley moved to suppress a tape recording of his conversation with his co-defendant as he waited in the back seat of a police vehicle on the ground that he had an expectation of privacy. We find no merit to this assertion in Gilley's cross-appeal. *United States v. McKinnon,* 985 F.2d 525 (11th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 130, 126 L.Ed.2d 94 (1993).

### Conclusion

We vacate the sentence of Gilley and remand for resentencing. Gilley's cross-appeal is without merit and the denial of his motion to suppress is affirmed. Gilley's conviction is affirmed. *See* 11th Circuit Rule 36–1.

VACATED in part, AFFIRMED in part, and REMANDED.