**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4797**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY ANTRON FRIDIE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry F. Floyd, District Judge. (8:09-cr-00564-HFF-1)

Submitted: August 3, 2011         Decided: August 12, 2011

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew Mackenzie, BARRETT MACKENZIE, LLC, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Larry Antron Fridie was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) (2006), 924(a)(2), and 924(e) (2006); possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006); and possession with the intent to distribute a quantity of crack cocaine and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and (b)(1)(D) (2006). The district court sentenced Fridie to 360 months' imprisonment followed by five years' supervised release. Fridie then filed a timely notice of appeal.

Fridie's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising three questions for this court's review. First, Fridie questions whether the district court erred when it denied his motion to suppress evidence. Second, Fridie questions whether the district court abused its discretion by allowing a law enforcement officer to testify as an expert. And, finally, Fridie questions whether the district court erroneously enhanced his sentence pursuant to the Career Offender provision of the U.S. Sentencing Guidelines Manual § 4B1.1 (2009). Fridie also filed a pro se Anders brief and a supplemental brief, in which

2

he questions whether the district court afforded him due process and whether his trial counsel was ineffective. Because we find no meritorious grounds for appeal, we affirm.

First, Fridie questions the district court's denial of his motion to suppress. We review factual findings underlying the district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). A factual finding is clearly erroneous if we "on the entire evidence [are] left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). We construe the evidence in the light most favorable to the Government. United States v. Griffin, 589 F.3d 148, 150 (4th Cir. 2009).

The district court properly denied Fridie's motion to suppress. We conclude the arresting officer in this case had probable cause for a traffic stop because the truck in which Fridie was a passenger was travelling at seventy-one miles per hour in a forty-five mile per hour zone. See Whren v. United States, 517 U.S. 806, 809-10 (1996). (traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred).

Next, the odor of marijuana emanating from the truck gave the officer probable cause to search it for drugs. United States v. Lewis, 606 F.3d 193, 198 (4th Cir. 2010) (citing United States v. Humphries, 372 F.3d 653, 658 (4th Cir. 2004)). Further, the officer's observation of Fridie reaching beneath the truck's passenger seat after the truck was stopped, coupled with Fridie's evasive and alarmed behavior, gave rise to both a reasonable suspicion of criminal activity and a possibility that Fridie posed a danger to the officer's safety that justified Fridie's detention and pat down search. See United States v. Smith, 396 F.3d 579, 584 (4th Cir. 2005) (evasive behavior and alarmed reaction further support reasonable suspicion of criminal activity); Adams v. Williams, 407 U.S. 143, 146 (1972) (if presented with a reasonable belief that the person may be armed and presently dangerous, an officer may conduct a protective frisk); United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008) (same). And, finally, Fridie did not have a reasonable expectation of privacy in a conversation in which he engaged while seated in the officer's patrol car. See United States v. McKinnon, 985 F.2d 525 (11th Cir. 1993) (declining to recognize a reasonable expectation of privacy in conversations that take place inside a police officer's patrol car). Thus, the district court properly denied Fridie's motion to suppress.

Fridie also questions the district court's decision to allow a law enforcement officer to testify as an expert witness in the habits of drug dealers and drug users. We review the district court's decision to admit expert testimony under Fed. R. Evid. 702 for abuse of discretion. United States v. Wilson, 484 F.3d 267, 273 (4th Cir. 2007) (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999)). The district court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Wilson, 484 F.3d at 273. We have consistently permitted law enforcement officers to testify as experts on the drug trade based solely on their experience and training. Id. at 275-76; United States v. Hopkins, 310 F.3d 145, 150-51 (4th Cir. 2002); United States v. Brewer, 1 F.3d 1430, 1436 (4th Cir. 1993).

We have reviewed the transcript of the law enforcement officer's testimony and have determined that the officer amply explained how his experience led him to the conclusions reached, why his experience was a sufficient basis for his opinion, and how his experience was reliably applied to the facts. See Wilson, 484 F.3d at 274. Accordingly, the district court properly allowed his testimony.

Next, Fridie challenges his designation as a career offender. Fridie challenges the use of his assault with intent

5

to kill conviction as a predicate offense, but his unsubstantiated claim that the South Carolina Court of General Sessions did not have jurisdiction over the charge at the time of his conviction may not be raised in this appeal. See Custis v. United States, 511 U.S. 485, 493-97 (1994) (holding that defendant may not challenge validity of prior state court conviction in federal sentencing proceeding, unless challenge is based on violation of right to counsel). Thus, we conclude Fridie's claim is without merit.

In his pro se brief, Fridie questions whether he was deprived of due process of law when the Government failed to notify him that an expert witness was going to testify at trial. Because Fridie raises this issue for the first time on appeal, it is subject to plain error review. United States v. Olano, 507 U.S. 725, 732 (1993).

Assuming without deciding that the Government violated Rule 16(a)(1)(G), reversal of a conviction for a discovery violation is inappropriate unless the defendant establishes prejudice. United States v. Chastain, 198 F.3d 1338, 1348 (11th Cir. 1999) ("[A]ctual prejudice must be shown."); United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997) (holding that defendant "must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules"). Fridie cannot show prejudice to his substantial rights on this record

because counsel had adequate opportunity to examine the law enforcement officer as to his qualifications and the basis of his opinions; the district court properly instructed the jury regarding expert testimony; and Fridie's counsel fully cross-examined the expert witness.

Fridie also alleges his right to due process was violated when the arresting officer destroyed the marijuana he seized from the truck prior to Fridie's trial. We review de novo constitutional due process claims. United States v. Legree, 305 F.3d 724, 729 (4th Cir. 2000). The duty to preserve evidence arises when the evidence "possess[es] an exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984). However, the failure to preserve even potentially exculpatory evidence does not automatically constitute a due process violation. It is only when the "defendant can show bad faith on the part of the police[] [that] failure to preserve potentially useful evidence" amounts to the denial of due process. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Bad faith "requires that the officer have intentionally withheld the evidence for the purpose of depriving the plaintiff of the use of that evidence during his criminal trial." Jean v. Collins, 221 F.3d 656, 663

7

(4th Cir. 2000). We have reviewed the record and conclude that there is no indication that the marijuana evidence was of an exculpatory nature or that the officer acted in bad faith in disposing of the evidence.

Finally, Fridie alleges ineffective assistance of counsel. As a general rule, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The record currently before us does not conclusively establish that Fridie's trial counsel was ineffective. Accordingly, his claim is not cognizable on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Fridie in writing of the right to petition the Supreme Court of the United States for further review. If Fridie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fridie.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
