[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10864
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60065-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEIGHTON MARTIN CURTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 19, 2013)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Leighton Martin Curtis appeals his convictions and concurrent 360-month

sentences for sex trafficking of a minor, in violation of 18 U.S.C. §§ 2 and

1591(a)(1) and (b)(2), and production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).  The victim, a 15-year-old girl, had posted an advertisement for her services online, and Curtis obtained her phone number from the ad and contacted the victim to ask her to join his "family" as a prostitute.  The victim agreed and worked for Curtis as a prostitute for over one year until Curtis's arrest.  Prior to trial, Curtis moved to suppress a videotape, which was recorded by the victim on a computer web camera, which showed Curtis speaking on his cellphone through a speaker phone to an unknown female while Curtis and the victim were in the same hotel room.  Curtis also moved the court to admit images and videos depicting the victim's sexual history under Federal Rule of Evidence Rule 412.  The district court denied both motions.  During sentencing, Curtis challenged the application of a two-level sentencing enhancement under U.S.S.G. § 2G2.1(b)(6)(B) for using a computer to solicit participation of a minor in sexually explicit conduct, but the court found that the enhancement applied because, when asked by the court whether the victim had testified that Curtis initially had contacted her while she was online, Curtis replied:  "I think that was, paraphrasing, her testimony.  Yes."

On appeal, Curtis first asserts that the court should have suppressed the videotape under 18 U.S.C. § 2511 because the conversation represented an oral communication, he did not give the victim permission to record him, and he

2

believed the conversation was private.  Second, Curtis challenges the sufficiency of the evidence supporting each count of conviction, asserting that, as to the child-sex-trafficking count, he did not know that the victim was a minor.  As to the child pornography count, he asserts that he did not know that the victim was a minor and that there was no evidence that he forced, induced, enticed, or coerced the victim into engaging in prostitution.  Third, Curtis challenges the district court's ruling that he could not introduce sexually explicit images and videos of the victim under Rule 412, as the evidence of her engaging in prostitution activity while not with him allegedly showed that the victim was not under his control and that he did not entice, force, or coerce her.  Lastly, he asserts that his sentence is procedurally unreasonable because the court should not have applied the enhancement under § 2G2.1(b)(6)(B) and that his sentence is substantively unreasonable.

After thorough review of the record and the parties' briefs, we affirm.

## I.

We review the district court's denial of a motion to suppress under a mixed standard of review; the district court's findings of fact are reviewed for clear error, and the court's application of law is reviewed *de novo*.  *United States v. McKinnon*, 985 F.2d 525, 527 (11th Cir. 1993).  In reviewing a motion to suppress, "all facts

are construed in the light most favorable to the party prevailing in the district court." *United States v. Ramirez*, 476 F.3d 1231, 1235-36 (11th Cir. 2007).

Title III of the Omnibus Crime Control and Safe Streets Act ("Title III") prohibits the unauthorized interception and disclosure of oral communications. 18 U.S.C. § 2511; *McKinnon*, 985 F.2d at 527. "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515.

An oral communication is "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication." *Id.* § 2510(2). Based on this definition, we have determined that the relevant question is whether the person making the communication had a reasonable or justifiable expectation of privacy. *McKinnon*, 985 F.2d at 527. In *McKinnon*, law enforcement invited McKinnon and another individual to sit in the back seat of the police car while the officers conducted a consensual search of their vehicle. *Id.* at 526. Unknown to McKinnon, an officer had surreptitiously activated a tape recorder in the police car, and while in the back seat, McKinnon made an incriminating statement. *Id.* In determining whether the

4

recording was improper, we noted that the inquiry under § 2511 was the same inquiry used for invoking the Fourth Amendment. *Id.* at 527. The inquiry has two prongs: (1) did the defendant's conduct exhibit a subjective expectation of privacy, and (2) is society willing to recognize the defendant's subjective expectation as reasonable. *Id.* We then held that, even though McKinnon did not know he was being recorded, he did not have a reasonable expectation of privacy while he was in the back seat of a police car. *Id.* at 527-28.

Here, the district court did not err in denying Curtis's motion to suppress. First, Curtis's lack of knowledge that he was being recorded does not affect the analysis of whether he had a reasonable expectation of privacy. *See id.* Second, Curtis's assertion that he had a subjective expectation of privacy is not supported by the record. Curtis used the speaker phone function of his cellphone and he did not take any steps to shield his conversation from the victim. Not only did Curtis acknowledge that the victim was only a few feet away while this call was taking place, but the victim also testified that she clearly heard both sides of the telephone conversation and that she and Curtis discussed the conversation afterwards.

Accordingly, Curtis cannot establish that he had a subjective expectation of privacy in the conversation. Furthermore, even assuming that Curtis did have a subjective expectation of privacy, such an expectation was not reasonable. *See id.* at 527. Thus, the district court did not err in denying Curtis's motion to suppress.

II.

"We review *de novo* whether sufficient evidence supports a conviction, resolving all reasonable inferences in favor of the verdict." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).  When considering a sufficiency challenge, we must construe the evidence in the light most favorable to the government and determine whether the jury could find the defendant guilty based on the evidence.  *Id.*  Questions of credibility and the weight of the evidence are left to the jury, so we should affirm when the record provides a reasonable basis for the conviction.  *Id.*  We are bound by the jury's credibility determinations unless the testimony is "incredible as a matter of law." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (citation omitted).  Testimony is incredible only if it relates to "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id*. (alteration in original) (quotation omitted).

To obtain a conviction under 18 U.S.C. § 1591(a)(1), the government first must show that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person by any means.  18 U.S.C. § 1591(a)(1). The government then must prove that the defendant knew or was in reckless disregard of the fact that (1) means of force, threats of force, fraud, or coercion would be used to cause the person to engage in a commercial sex act, or (2) the

6

person was under the age of 18 and would be made to engage in a commercial sex act. *Id.* Lastly, the government must prove that the offense was in or it affected interstate or foreign commerce. *Id.*

> Section 2251(a) makes it a crime for any person
>
> who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct . . . if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . .

*Id.* § 2251(a).

"[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue—even if properly preserved at trial—will be considered abandoned." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

As to the conviction for sex trafficking of a minor, we conclude that the evidence at trial was sufficient to support the jury's finding that Curtis knew or was in reckless disregard of the fact that the victim was a minor. The victim testified, *inter alia*, that she informed Curtis that she was 15 years old, that she showed Curtis her runaway poster which contained her date of birth and age, and that Curtis told her not to post some of her pictures because she looked too young.

7

Curtis also knew that the victim was placed in a juvenile facility, but even after her release from this facility she continued to engage in prostitution for Curtis.

As to the conviction for production of child pornography, knowledge of the victim's age is not an element of the offense. In addition, Curtis abandoned any challenge to whether the government proved the element of § 2251(a) that his actions were for the purpose of producing a visual depiction. *See id.* Moreover, the evidence at trial was sufficient to show that Curtis "used" the victim to engage in sexually explicit conduct and "transported" her in interstate commerce for the same purpose.

## III.

We review the district court's application of Federal Rule of Evidence Rule 412 for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 749 (11th Cir. 2010). Rule 412 provides that, in a criminal proceeding involving alleged sexual misconduct, evidence is inadmissible when offered to prove that an alleged victim engaged in other sexual behavior or to prove the victim's sexual predisposition. Fed. R. Evid. 412(a). One of the exceptions to this rule is when the exclusion of such evidence "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C).

In determining whether such evidence is admissible, we start with the premise that a defendant has the right to introduce evidence in his defense. *Culver*,

598 F.3d at 749.  However, this right is not unlimited.  *Id.*  A court may impose limits on evidence based on, *inter alia*, harassment, prejudice, or confusion of the issues, or if the evidence is redundant or only marginally relevant.  *Id.*  We permit such limitations unless they are "arbitrary or disproportionate to the purposes they are designed to serve."  *Id.* (citation omitted).

In *Culver*, the defendant was convicted of five counts of production of child pornography under 18 U.S.C. § 2251(a).  *Id.* at 744.  The child pornography involved five photographs and a videotape depicting a naked female.  *Id.* at 745.  The issue at trial was whether these images depicted Culver's 13-year-old stepdaughter, K.W.  *Id.* at 744-45.  Culver sought to introduce evidence of K.W.'s sexual history to rebut the government's position that condoms and a broken abstinence card, which were found in K.W.'s room, belonged to Culver.  *Id.* at 749.  We held that the exclusion of K.W.'s sexual history was not arbitrary or disproportionate.  *Id.*  The evidence would only confuse the jury and harass K.W., as the main issue was the identity of the female in the images.  *Id.*  In addition, the district court had permitted Culver to cross-examine K.W. on matters of her prior sexual history that were relevant to the charges.  *Id.* at 750.  We held that the jury did not need to know the details of the conduct for which K.W. was disciplined in order for Culver to be able to impeach K.W.  *Id.*  Based on these circumstances, we

9

held that Culver failed to show that the court violated his constitutional rights by applying Rule 412. *Id.*

Here, Curtis sought to introduce sexually explicit videos and images of the victim's sexual history. The district court did not permit these videos and images into evidence. Here, like in *Culver*, visual evidence of the victim's sexual history does not address any relevant issue in this case. Additionally, the victim testified that she engaged in prostitution both before meeting Curtis and after Curtis's arrest, and, during cross-examination, Curtis was able to ask the victim questions about her sexual history at these relevant times. Similar to *Culver*, the jury did not need to see sexually explicit images and videos regarding these matters in order for Curtis to impeach the victim.

Rule 412 generally prohibits the admission of sexually explicit videos and images of the victim, and Curtis has not established that any of the exceptions to Rule 412 apply. Thus, the district court did not abuse its discretion in prohibiting the introduction of such evidence.

## IV.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The party challenging the sentence bears the burden of proving the

10

sentence is unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In determining reasonableness, we "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C.] section 3553(a)."  *Id.*  In making this determination, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable and then examining whether the sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  To be procedurally reasonable, the district court must properly calculate the guideline range, treat the Guidelines as advisory, consider the § 3553(a) factors, not consider clearly erroneous facts, and adequately explain the chosen sentence.  *Id.*

With regard to substantive reasonableness, the review "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (quotation omitted).  We

11

reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted).  Further, the weight to be given any particular factor is left to the sound discretion of the district court absent a clear error of judgment.  *Id.* Although we do not automatically presume reasonableness for a sentence within the guidelines range, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The § 3553(a) factors include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

Under U.S.S.G. § 2G2.1(b)(6), a defendant receives a two-level enhancement if he

for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved . . . the use of a computer or an interactive computer service to (i) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or (ii) solicit participation with a minor in sexually explicit conduct.

U.S.S.G. § 2G2.1(b)(6)(B). The commentary states that this enhancement "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor" or someone with supervisory control of the minor. U.S.S.G. § 2G2.1, comment. (n.4(B)).

"[A] party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (citation omitted). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* (quotation omitted). "The doctrine stems from the common sense view that where a party invites the trial court to commit error, he cannot later cry foul on appeal." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

First, as to Curtis's procedural reasonableness argument challenging the application of the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B), he invited any alleged error by admitting that he contacted the victim while she was online, which was a dispositive fact for the application of the enhancement. Therefore, he may not challenge this alleged error on appeal. Second, Curtis's

360-month total sentence is substantively reasonable.  The district court specifically noted that Curtis had a minor criminal history, but it found his lack of remorse and blame towards the victim outweighed that factor.  At sentencing, Curtis personally addressed the court and continued to deny that he knew the victim's age and continued to argue that the victim had manipulated him.  Additionally, the victim worked for Curtis for over one year, working four to five times per week with upwards of five to seven meetings per day with "dates."  Based on these facts and others presented at trial, the district court did not abuse its discretion in determining that the seriousness of the offense, Curtis's lack of remorse, the need for deterrence, and the need to protect the public outweighed Curtis's minor criminal history.

For the foregoing reasons, we affirm.

AFFIRMED.