**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4392**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

ARTHUR FLEMING MOLER,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00393-JFA-1)

Submitted: March 21, 2016    Decided: May 27, 2016

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina; Victor K. Li, LI LAW FIRM, LLC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Fleming Moler appeals his convictions of trafficking in counterfeit goods,[1] in violation of 18 U.S.C. §§ 2, 2320(a) (2012); smuggling unapproved medications into the United States, in violation of 18 U.S.C. § 545 (2012) and 21 U.S.C. §§ 352(f)(1), (2) (2012); and theft of government funds or property, in violation of 18 U.S.C. § 641 (2012). On appeal, Moler alleges that the district court erred in: (1) failing to grant his motion to dismiss the trafficking count or suppress evidence as a result of the destruction of evidence; (2) permitting expert testimony, and failing to safeguard against jury confusion; (3) allowing the admission of testimony regarding a prior civil seizure of counterfeit goods; and (4) failing to suppress evidence as the fruit of an illegal search and seizure. We affirm.

In reviewing a denial of a motion to dismiss or suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Abramski, 706 F.3d 307, 313-14 (4th Cir. 2013). The Government's duty to preserve evidence is triggered when that evidence "possess[es] an exculpatory value that was apparent before the evidence was

---

[1] The indictment alleged trafficking in counterfeit Coach, TaylorMade, Golf Pride, Beats by Dre, Adobe, Ray-Ban, National Football League, Viagra, and Cialis products.

2

destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 488-89 (1984).

However, where, as here, the Government fails "to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant," no due process violation occurs "unless a criminal defendant can show bad faith on the part of the police." Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988). Bad faith requires that the Government "have intentionally withheld the evidence for the purpose of depriving the [defendant] of the use of that evidence during his criminal trial." Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000) (en banc) (Wilkinson, J., concurring)[2]; United States v. Fridie, 442 F. App'x 839, 842 (4th Cir. 2011) (per curiam); see also Jones v. McCaughtry, 965 F.2d 473, 477 (7th Cir. 1991) ("[T]o show bad

---

[2] In Jean, the district court was affirmed by an equally divided court in a per curiam opinion. Judge Wilkinson wrote a concurrence for six judges, Judge Murnaghan wrote a dissent for five judges, and Judge Luttig issued a dissenting opinion. The definition of "bad faith" in Judge Wilkinson's concurrence, however, appears to have had the support of a majority of the court. See Jean, 221 F.3d at 679 (Luttig, J., dissenting) (explaining that the court should remand the case to allow the plaintiff "the opportunity to establish on remand that [the government] intentionally withheld the evidence in question for the purpose of preventing him from using it at trial").

faith, Petitioner must prove 'official animus' or a 'conscious effort to suppress exculpatory evidence.'" (quoting United States v. Nesbitt, 852 F.2d 1502, 1520 (7th Cir. 1988))).

Although Blazer Investigations, the custodian of the evidence in question, is a third party, we conclude that its relationship with the Government is sufficient to establish an agency relationship. Fourth Amendment protections apply "when a private individual conducts a search 'as an instrument or agent of the Government.'" United States v. Richardson, 607 F.3d 357, 364 (4th Cir. 2010) (quoting Skinner v. Ry. Labor Execs. Ass'n, 489 U.S. 602, 614 (1989)). However, Moler's claim fails because he has not demonstrated that the evidence was destroyed in bad faith. Blazer Investigations maintained a standard retention policy under which it would destroy counterfeit goods after ninety days unless a law enforcement agency indicates that the evidence should be retained. Here, Blazer destroyed the evidence pursuant to that retention policy, militating against a finding of bad faith. United States v. Montieth, 662 F.3d 660, 666 n.1 (4th Cir. 2011).

While Moler presents some evidence in support of his claim of bad faith, the evidence merely indicates that criminal prosecution was a possibility, not that prosecution was certain or even probable. The evidence therefore supports, at most, an inference of negligence on the part of the Government or

4

recklessness in failing to insure the preservation of the evidence. It falls short, however, of establishing that the Government "intentionally withheld the evidence for the purpose of depriving [Moler] of the use of that evidence during his criminal trial." Jean, 221 F.3d at 663 (Wilkinson, J., concurring).

Regarding Moler's arguments that the district court erred in admitting the expert testimony of Wayne Grooms, we review evidentiary rulings, as well as a district court's decision to qualify an expert witness, for abuse of discretion. United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014). In reviewing for abuse of discretion, we do not substitute our judgment for that of the district court; reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination was arbitrary or capricious. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995).

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Grooms testified that he had 30 years of experience in trademark investigations and, during those 30 years, "worked over 8,000 trademark cases in 43 different states and eight foreign countries." He had contracts to investigate trademark infringement for TaylorMade, Adobe, Beats by Dre, Coach, Golf Pride, and Ray-Ban. Grooms attended short training seminars given by these companies to assist in detecting counterfeit products.

Considering the totality of Grooms' training and experience, we cannot conclude that the district court abused its discretion in qualifying him as an expert witness. See United States v. Wilson, 484 F.3d 267, 275-76 (4th Cir. 2007) (district court did not abuse its discretion in qualifying an individual as an expert where he had 9 years of experience related mostly to the subject matter to which he was testifying); Garcia, 752 F.3d at 391 (finding that the witness qualified as an expert based on her 5 years of experience in the field).

Furthermore, Grooms reliably applied acceptable methodology in his testimony. He noted which features on each item varied from its authentic counterpart, and explicitly noted that these issues formed the basis of his opinion that the items were

6

counterfeit. Grooms admitted when he was unable to determine that a product was counterfeit, or when he could not make such an assertion based on his knowledge of a specific product. Admittedly, there are instances where Grooms' testimony was conclusory, and he sometimes failed to explain exactly how he gained certain knowledge. However, these deficiencies relate to the weight, rather than the admissibility, of his testimony. Therefore, we conclude that the testimony satisfied the requirements of Rule 702, and the district court did not abuse its discretion in admitting it.

We next turn to Moler's argument that Grooms' expert testimony was not sufficiently distinct from his fact testimony. Because this issue was not raised in the district court, it is subject to plain error review. United States v. Catone, 769 F.3d 866, 871 (4th Cir. 2014). "To establish plain error, [Moler] must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it 'affected the outcome of the district court proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 725, 732–34 (1993)). Even if those three factors are met, we will deny relief "unless the district court's error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 736).

We have "recognized that individuals who testify as expert and fact witnesses can cause jury confusion, and such a manner of proceeding is only acceptable where the district court took adequate steps to make certain that the witness's dual role did not prejudice or confuse the jury." Garcia, 752 F.3d at 392 (internal ellipses, brackets, and quotation marks omitted).

> Such safeguards might include requiring the witness to testify at different times, in each capacity; giving a cautionary instruction to the jury regarding the basis of the testimony; allowing for cross-examination by defense counsel; establishing a proper foundation for the expertise; or having counsel ground the question in either fact or expertise while asking the question.

Id.

While Grooms testified both as a fact witness and an expert witness, certain safeguards were in place to prevent jury confusion. First, a proper foundation was laid for the basis of Grooms' expert opinion. As discussed previously, Grooms testified to his expertise in the field of trademark investigations, and testified regarding each specific feature on the items that allowed him to determine that the items were counterfeit. Second, many of the prosecution's questions were phrased in such a way as to clarify that Grooms was providing his expert opinion. Finally, Moler was able to cross examine Grooms about the bases for his conclusions that the goods were counterfeit. Given the safeguards in place, and the relatively

8

straightforward manner of Grooms' testimony, we conclude that Moler has not sustained his burden of demonstrating plain error.

Moler further argues that the district court erred in permitting testimony of a prior civil seizure of counterfeit goods. Failure to object at trial will generally subject an issue to plain error review on appeal. United States v. Basham, 561 F.3d 302, 334 (4th Cir. 2009). However, where a party has explicitly abandoned an argument, it is deemed waived and will not be reviewed on appeal. Id. at 335. If a party files a motion in limine and the district court fails to "clearly and definitively rule[] on the motion . . . and the party that brought the motion in limine does not at trial either object to a ruling by the district court or at least renew his request for a ruling, he waives for appeal the issue in the motion." United States v. Lighty, 616 F.3d 321, 353 n.36 (4th Cir. 2010).

Here, Moler filed a motion in limine seeking to exclude any testimony relating to the prior civil seizure of counterfeit goods. The district court took under advisement possible limitations on the admissibility of the evidence, but did not clearly and definitively rule on the motion. As Moler concedes, he failed to renew the objection at trial; by doing so, he waived this argument.

Finally, Moler argues that the district court erred in failing to suppress evidence obtained during the search of the

9

warehouse. Parties are required to raise motions to suppress evidence prior to trial. Fed. R. Crim. P. 12(b)(3)(C). "The failure to file a suppression motion by the specified pretrial deadline operates as a waiver unless the court grants relief from the waiver for good cause." United States v. Moore, 769 F.3d 264, 267 (4th Cir. 2014) (internal quotation marks and brackets omitted).

Moler concedes that he failed to file a motion to suppress prior to trial, and failed to make any objection to the admission of the evidence during trial. Moreover, Moler fails to point to any good cause for the failure to file a pretrial motion, and we discern none from the record. Absent such a showing, Moler has waived review of this issue. United States v. Whorley, 550 F.3d 326, 337 (4th Cir. 2008).

Accordingly, we affirm Moler's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

10