[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11993

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRY WAYNE HOOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00046-CEH-TGW-1

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Barry Hoover was indicted and found guilty of theft of government funds and making false statements. He now challenges several of the district court's rulings relating to motions in limine, sentencing, and restitution. Because Hoover has failed to show that the district court erred in any of these rulings, we affirm.

## I.

Barry Hoover is a Navy veteran who has been receiving disability benefits from the Department of Veterans Affairs since 1997. The VA awards benefits based on the severity of one's disability. According to the government, Hoover falsely represented his disability to the VA to receive disability benefits that he would otherwise not be entitled to. Nearly a decade passed before the VA became suspicious and investigated Hoover. As part of the investigation, a special agent for the VA's Office of the Inspector General called Hoover, spoke with him, and recorded the conversation. The agent introduced himself as being "with the Department of Veterans Affairs"; he did not provide his real name, position, or title. During this call, Hoover explicitly misrepresented his disabled status and even claimed that his disability had gotten worse.

Hoover was later indicted for theft of government funds and making false statements to a government official in violation of 18

U.S.C. § 641 and 18 U.S.C § 1001 respectively. He pleaded not guilty and proceeded with trial. Before trial, Hoover filed motions in limine to suppress the recorded phone call with the VA agent. According to Hoover, he had a reasonable expectation of privacy under doctor-patient privilege because he thought he was speaking to a medical clinician. The district court overruled Hoover's objection at trial, finding that Hoover did not have a reasonable expectation of privacy because the VA agent never identified himself as a clinician, and that Hoover willingly discussed his medical information on the call.

Hoover asserted in his opening statement that he was being prosecuted in retaliation for refusing to cooperate with the government and testify against another defendant in a separate case. The government brought a motion in limine, arguing that there was no good faith basis for this argument. It stated that Hoover's retaliatory prosecution argument amounted to selective or vindictive prosecution, which must be raised in a pretrial motion. Because Hoover failed to make such a motion, he waived this argument and could not raise it at trial. The district court agreed and granted the government's motion.

Hoover was found guilty. The probation officer revised the original presentencing investigation report, and neither party submitted objections. The report concluded a Guidelines imprisonment range of 27 to 33 months and calculated that Hoover owed $429,578.09 in restitution.

Hoover later objected to the PSI's Guidelines range and restitution calculations at sentencing. He claimed that the loss amount in the PSI was inaccurate because his disability had not been objectively determined. He also argued for a downward variance and 2-point reduction for acceptance of responsibility under Sentencing Guidelines § 3E1.1(a) (Nov. 2018). Hoover provided a written statement accepting responsibility.

The district court overruled Hoover's acceptance of responsibility objection because he failed to show responsibility in a timely manner. The court also concluded that, based on the evidence, the PSI calculation was a reasonable estimate of loss. Ultimately, it imposed a total sentence of 27 months' imprisonment and restitution of $429,568.09.

Hoover now argues that the district court erred by denying his motion in limine regarding his phone call with the VA agent, by granting the government's motion in limine to preclude him from mentioning retaliation during the trial, by rejecting his acceptance of responsibility, and by determining the government's actual loss to be $429,568.09.

## II.

We generally review a district court's evidentiary rulings for abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1441 (11th Cir. 1996). Under this standard, we reverse a district court's ruling only if it applied an "incorrect legal standard," followed "improper procedures in making the determination," or made "findings of fact

that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation omitted).

We review for clear error a district court's findings about acceptance of responsibility. *United States v. Andres*, 960 F.3d 1310, 1318 (11th Cir. 2020). We also review for clear error a district court's loss determination and the factual finding regarding the amount of restitution. *United States v. Cobb*, 842 F.3d 1213, 1218 (11th Cir. 2016). Though deferential, clear error still requires that findings of fact be supported by substantial evidence. *Id.*

## III.

Hoover challenges both of the district court's orders on the motions in limine. He first contends that the district court abused its discretion when it denied his motion in limine to exclude evidence of his recorded phone call with the VA representative. He next argues that the district court abused its discretion when it granted the government's mid-trial motion in limine regarding his retaliation argument. The record, however, contains sufficient evidence to support both rulings.

Motions in limine are made with the purpose of excluding anticipated prejudicial evidence before it is actually offered because such evidence would be inadmissible at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). They are often confused with motions to suppress, which are used to prohibit the introduction of illegally obtained evidence at a criminal trial. *United States v. Lall*, 607 F.3d 1277, 1288 (11th Cir. 2010). Though technically distinct, both motions are used to exclude certain evidence at trial and are

reviewed for abuse of discretion. *Andres*, 960 F.3d at 1315; *Sellers v. Nationwide Mut. Fire Ins.*, 968 F.3d 1267, 1272 (11th Cir. 2020).

We construe Hoover's motion in limine regarding his phone call with the VA agent as a motion to suppress because it is based on an argument that the evidence was illegally obtained. According to Hoover, he thought he was speaking to a medical clinician rather than an informant. He thus argues that he has a reasonable expectation of privacy over the contents of the phone conversation, and that the government unlawfully recorded that phone call without his consent.

To start, the government did not unlawfully record Hoover's phone conversation. While 18 U.S.C. § 2511 generally prohibits a person from intentionally intercepting a wire communication, there are exceptions to this general prohibition. The inquiry for determining whether a recording was improper under § 2511 is the same as that used for the Fourth Amendment. *United States v. McKinnon*, 985 F.2d 525, 527 (11th Cir. 1993). Under this standard, the question is "whether a reasonable or justifiable expectation of privacy exists." *Id.* And that depends on (1) whether the defendant has a subjective expectation of privacy, and (2) whether that expectation is also objectively reasonable. *Id.*

A defendant who willingly shares information with a third party does not meet this standard. That is because a defendant has "no legitimate expectation that the person to whom he is speaking will not relate the conversation to the legal authorities, either by repetition or by the recording of the conversation." *United States v.*

*Haimowitz*, 725 F.2d 1561, 1582 (11th Cir. 1984). It does not matter for Fourth Amendment purposes that the defendant did not know his conversation would be recorded or transmitted. *United States v. Shields*, 675 F.2d 1152, 1158 (11th Cir. 1982). So long as the defendant willingly relayed information to a third party, he knowingly took the risk that it may be shared. *Id.*

In that same vein, § 2511 allows a person acting under the color of law to record a call in which they are "a party to the communication." 18 U.S.C. § 2511(2)(c). That means the government does not violate § 2511 when its informant records a conversation with a defendant, even if the defendant does not know that they are speaking with an informant. *Shields*, 675 F.2d at 1158.

Those points show that the recording here was proper. The VA agent was acting under the color of law because he acted as an informant for law enforcement by knowingly calling Hoover and recording their conversation. *See United States v. Davis*, 799 F.2d 1490, 1492–93 (11th Cir. 1986). While Hoover argues that he thought the agent was a medical clinician, the agent never actually identified himself as a doctor; rather, he merely stated that he was "with the Department of Veterans Affairs." And the fact that Hoover did not know that the agent would record their conversation or share its contents with the government does not, by itself, show that he had a reasonable expectation of privacy. *See Shields*, 675 F.2d at 1158. Instead, he took a risk by willingly

speaking with the agent.  *Id.*  The district court did not err in denying Hoover's motion in limine with respect to the phone call.

Nor did the district court abuse its discretion by granting the government's motion in limine blocking Hoover's retaliation argument.  Federal Rule of Criminal Procedure 12(b)(3)(A) requires a motion alleging a "defect in instituting the prosecution" to be made *before* trial.  This includes selective prosecution claims, which allege a defect in the prosecution process and thus have "no bearing on the determination of factual guilt."  *United States v. Scrushy*, 721 F.3d 1288, 1305 (11th Cir. 2013) (quotation omitted).

Hoover's retaliation claim is essentially a selective prosecution claim and was thus improperly raised during trial. Hoover first made his retaliation argument in his opening statement during trial, stating that he was prosecuted in this case because "he would not play along in another federal prosecution." As his counsel explained, Hoover's retaliation argument was being used not "in the criminal sense, but rather in the biased sense." Because Hoover's retaliation claim essentially alleges bias by the prosecution and does not go towards the merits of criminal liability, it must be raised by pretrial motion and cannot be raised for the first time at trial.  *See Scrushy*, 721 F.3d at 1305.  The district court thus did not err in granting the government's motion in limine precluding further argument regarding retaliation.

## IV.

Hoover also disputes his sentencing and restitution calculation.  *First*, he contests the district court's denial of a

reduction based on acceptance of responsibility. *Second,* he argues that the district court improperly calculated the loss due to his fraud. Because the district court did not clearly err on either point, we affirm.

The Sentencing Guidelines allow for a two-point reduction of a defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense." Sentencing Guidelines § 3E1.1(a) (Nov. 2018). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* § 3E1.1(a) cmt. n.2. Only in rare circumstances, such as when a defendant goes to trial to assert and preserve issues not related to factual guilt, may acceptance of responsibility still apply after trial. *Andres*, 960 F.3d at 1318.

The district court did not err in denying Hoover's request for a reduction based on acceptance of responsibility. Hoover's pretrial statements do not suggest acceptance of responsibility; Hoover only accepted responsibility after trial. This is also not a rare circumstance where acceptance of responsibility applies despite trial because nothing in the record suggests that Hoover pursued trial only to preserve challenges. *See Andres*, 960 F.3d at 1318–19. The district court was well within its discretion to deny Hoover's request for reduction based on his late-breaking acceptance of responsibility.

Lastly, the district court did not clearly err in its loss calculation. "The amount of restitution must be based on the amount of loss actually caused by the defendant's conduct." *United States v. Baldwin*, 774 F.3d 711, 728 (11th Cir. 2014) (quotation omitted). The determination of this amount is an "inexact science." *Id.* (quotation omitted). So while the government must establish the actual loss by a preponderance of the evidence, the district court "may accept a reasonable estimate of the loss based on the evidence presented." *Id.* (quotation omitted).

Hoover disputes the district court's loss calculation of $429,568.09 because the level of his disability has still yet to be determined. But that fact is irrelevant because the court found that Hoover essentially committed fraud by misrepresenting his disability to the VA to obtain benefits, and "any person who commits fraud forfeits all rights to benefits under all laws administered by the Department of Veteran Affairs." 38 C.F.R. § 3.901(b). So even if Hoover had a genuine disability, he forfeited any right to VA benefits by committing fraud.

The record shows that the district court's loss calculation was based on sufficient evidence. The district court relied on testimony calculating the actual loss from Hoover's fraud to be $429,568.09. That calculation was determined by examining the excess benefits Hoover received from the date of his first fraudulent disability rating until the VA discovered his fraud and adjusted his disability rating accordingly. The fact that Hoover's true disability was unknown during that time is irrelevant to this

calculation because, as stated above, he lost all rights to VA benefits when he intentionally misrepresented his disability. Thus, $429,568.09 was a reasonable estimate of the loss based on the evidence presented, and the district court did not err in its restitution calculation. *See Baldwin*, 774 F.3d at 728.

⋆    ⋆    ⋆

Hoover has failed to show that the district court erred. The district court did not improperly deny Hoover's motion in limine regarding the phone call because Hoover did not have a reasonable expectation of privacy. Nor did the court abuse its discretion when it granted the government's motion in limine regarding Hoover's retaliation claim because Hoover raised this claim too late. And the district court did not clearly err in its calculation of restitution, or in its denial of Hoover's requested reduction based on acceptance of responsibility. We thus affirm the district court on all of Hoover's claims.

**AFFIRMED.**